UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ x
                                                       :
MILTON ABELES, INC.,                                   :
                                                       :
                      Plaintiff,                       :   **SUMMARY ORDER**
                                                       :
              -against-                                :   03-CV-6111 (DLI)(WDW)
                                                       :
FARMERS PRIDE, INC., d/b/a BELL                        :
& EVANS,                                               :
                                                       :
                      Defendant.                       :
------------------------------------------------------ x
**DORA L. IRIZARRY, United States District Judge:**

The facts and procedural history of this case have been extensively reported in *Milton Abeles, Inc., v. Farmers Pride, Inc.*, 03-CV-6111 (DLI)(WDW), 2007 WL 2028069 (July 11, 2007 E.D.N.Y.), and *Milton Abeles, Inc., v. Farmers Pride, Inc.*, 603 F. Supp. 2d 500 (E.D.N.Y. 2009), familiarity with which, is assumed. For purposes of this Order, it is only necessary to note that on July 11, 2007, the court granted summary judgment on defendant Farmers Pride, Inc.'s counterclaim for goods that it sold and delivered to plaintiff Milton Abeles, Inc. for $911,674.35. *Milton Abeles, Inc., v. Farmers Pride, Inc.*, 2007 WL 2028069, at *5. In that same order, the court, pursuant to Fed. R. Civ. P. 54(b), "decline[d] to enter final judgment on Farmers Pride's claim on goods sold and delivered or account stated until the court can resolve Abeles's remaining claims for unfair competition, conversion, unjust enrichment and quantum meruit." *Id.* The court also ordered that the interest shall run at the New York statutory rate of nine percent per annum from December 3, 2003 through the date that judgment is entered. *Id.*

(citations omitted). In accordance with the court's individual motion practice and rules, defendant now seeks permission to file a brief, pursuant to Fed. R. Civ. P. 54(b), renewing its request to enter final judgment against plaintiff on the counterclaim. This request is denied.

Given the court's prior ruling on this matter, defendant is in fact seeking to file a motion for reconsideration under Rule 54(b), which provides, in relevant part: "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." A district court generally may not revisit its decision under Rule 54(b) "unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent a manifest injustice." *Official Committee of Unsecured Creditors of Color Tile Inc., v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (citation and internal quotation marks omitted).

None of these considerations are remotely present in this case. Defendant's argument—that "the equities now favor entry of judgment" because it has gone almost five-and-a-half years without nearly a million dollars of payment while plaintiff has been able to use and profit from that money—does not establish manifest injustice. Defendant has accrued interest during this period, and given the current economic climate, defendant would be hard pressed to argue that a nine percent return is manifest injustice. Moreover, defendant's complaint is present in every case where final judgment is reserved until the full resolution of

the action. Defendant has not cited any authority establishing that this constitutes manifest injustice.[1] In sum, defendant is not entitled to reconsideration under Rule 54(b), and therefore, defendant's request to file a Rule 54(b) motion is denied.

SO ORDERED.

Dated: Brooklyn, New York
      July 7, 2009

                                  /s/
                             DORA L. IRIZARRY
                       United States District Judge

---

[1] Defendant would not succeed even if this was its first request for final partial judgment under Rule 54(b). The Second Circuit has explained that a district court's "power [to order the entry of final partial judgment under Rule 54(b)] should be used only in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Betancourt v. Giuliani*, 30 Fed. Appx. 11, 13 (2d Cir. 2002) (citations and internal quotations marks omitted). For the reasons set forth above with respect to the lack of manifest injustice, defendant also has not established that this is the infrequent harsh case that presents a danger of hardship or injustice.